UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
JERIC GRIFFITH,                                       :
                                                      :   **ORDER ON REPORT AND**
                            Plaintiff,                :   **RECOMMENDATION**
                                                      :
            - against -                               :
                                                      :   CV-07-4824 (BMC) (LB)
                                                      :
YAS SADRI, et al.,                                    :
                            Defendants.               :
                                                      :
                                                      :
------------------------------------------------------X

**COGAN, District Judge.**

This case is before me on plaintiff's objections to the Report and Recommendation of Magistrate Judge Bloom, in which she denied plaintiff's motion for leave to amend his complaint to add a claim for excessive force as well as to add District Attorney Charles Hynes, the New York City Police Department ("NYPD"), the City of New York and the King's County District Attorney's Office as defendants. For the reasons set forth below, the Report and Recommendation is adopted and plaintiff's motion to amend the complaint is denied.

Under Fed. R. Civ. P. 72(b)(3), a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." A proper objection requires reference to a specific portion of the magistrate judge's recommendation; if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96 CIV 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). Furthermore, even in a de novo review of a party's specific objections, the court ordinarily will not consider "arguments, case law and/or evidentiary

material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02 CV 01776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting Haynes v. Quality Markets, No. 02-CV-250, 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003)).

## **BACKGROUND**

Plaintiff filed this *pro se* case pursuant to 42 U.S.C. §1983 alleging false arrest and malicious prosecution. The original complaint states that on February 25, 2006, plaintiff "was arrested inside the Seventh Day Adventist Church" for a robbery of a nearby grocery store and describes the grand jury proceedings and trial. It further alleges that plaintiff suffers from emotional stress as a result of being held for ten months at Rikers Island Correctional Facility, awaiting trial, and that he has suffered pain and mental anguish due to the deliberate indifference and intentional misconduct of defendants.

Plaintiff's proposed amended complaint seeks to add a cause of action for excessive force and assault, alleging that he was "thrown to the ground" and that an officer "placed his hand on plaintiff's chest to check his heart rate." The proposed complaint also seeks to add four additional defendants: District Attorney Charles J. Hynes, the NYPD, Kings County District Attorney's Office and the City of New York as defendants. Defendants opposed the motion to amend on the grounds that plaintiff's amendments fail to set forth any cognizable claims.

By Report and Recommendation dated May 19, 2009, Magistrate Judge Bloom denied plaintiff's motion to amend his complaint as futile, finding that plaintiff's excessive force claim is barred by the statute of limitations and does not "relate back" to any transaction or occurrence alleged in the original complaint. Magistrate Judge Bloom also denied plaintiff's motion to add new defendants, finding that (1) District Attorney Charles Hynes is shielded from liability for the

prosecutorial-related decisions of his subordinates; (2) the NYPD and Kings County District Attorney's Office are not separately suable legal entities; and (3) plaintiff failed to allege a custom, policy or practice sufficient to impose municipal liability.

Plaintiff now objects to Magistrate Judge Bloom's Report and Recommendation. With respect to the excessive force and assault claim, plaintiff contends that he has had difficulty amending his complaint as a result of his incarceration. Plaintiff further maintains that the excessive force claim is timely because his interrogatory responses indicate that he has suffered "physical, emotional and psychological injuries" and because he described the "assault by officer defendants" in his deposition. Both submissions, plaintiff contends, put defendants on notice before the expiration of the statute of limitations, of the excessive force claim.

Plaintiff evidently concedes that the New York Police Department and the Kings County District Attorney's Office are non-suable entities but reiterates his contention that District Attorney Hynes is a principal and subject to the alleged criminal acts of his agents or subordinates. Plaintiff asserts that the cognizable official custom, policy or practice of the City of New York is to prosecute "anyone who is indicted whether there is real probable cause or not."

Defendants have not opposed plaintiff's objections.

## DISCUSSION

### I. Standard for Futility of Amendment

The Magistrate Judge correctly recognized that, pursuant to Rule 15(a)(2), leave to amend should be freely given, but the court may deny leave to amend in cases of futility. Foman v. Davis, 371 U.S. 178 (1962); Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91-92 (2d Cir. 2003). Case law within the Second Circuit is clear that if, upon amendment, a Rule 12(b)

3

motion would have to be granted, the proposed amendment should be deemed futile. See Holt v. Katy Industries, Inc., 71 F.R.D. 424, 427 (S.D.N.Y. 1976) ("amendments to a complaint may be denied if the proposed changes fail to state a claim on which relief can be granted.") (citing Vine v. Beneficial Finance Co., 374 F.2d 627, 636-7 (2d Cir. 1967); Billy Baxter, Inc. v. The Coca-Cola Co., et al., 47 F.R.D. 345, 346 (S.D.N.Y. 1969), aff'd, 431 F.2d 183 (2d Cir. 1970)); Ganthier v. North Shore-Long Island Jewish Health Sys., 298 F.Supp.2d 342, 350 (E.D.N.Y. 2004) (An amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground.") (quoting Jones v. New York Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir.1999)). To hold otherwise would simply engender needless duplicate litigation, first on the motion to amend and then again on a motion to dismiss. Thus, where the proposed amendment is attacked as futile because it is legally insufficient, the Court should determine futility, in the first instance, by assessing the legal sufficiency of the proposed amendment. For this analysis, a *pro se* litigant's complaint must be read liberally and the "freely given" leave to amend standard must be applied with particular force. Pangburn v. Culbertson, 200 F.3d 275, 283 (2d Cir. 1999).

## II. Plaintiff's New Claim for Excessive Force and Assault

Plaintiff's new claim for excessive force and assault is futile, as it would be subject to immediate dismissal as untimely. The amended complaint alleges that during the February 25, 2006 arrest, plaintiff was thrown to the floor and that an officer "placed his hand on plaintiff's chest to check his heart rate." The Magistrate Judge correctly recognized that the applicable three year statute of limitations for an excessive force claim accrues at the time of the use of force. Perez v. Cuomo, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *6 (E.D.N.Y. Apr. 17, 2009). The limitations period for filing an excessive force claim based on plaintiff's February

25, 2006 arrest expired on February 25, 2009. The Eastern District of New York Pro Se Office received plaintiff's proposed amended complaint in May 2009 – more than two months after the statute of limitations had run. Plaintiff's excessive force claim is thus barred by the statute of limitations.

To resist this result, plaintiff, who is currently incarcerated, argues that he has had inadequate access to a typewriter and a law library and that he has been moved "from one jail to the next" over the past few months. In effect, plaintiff argues for an equitable toll of the statute of limitations.

However, equitable tolling is permitted only "in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." Haghpassand v. Reuters America Inc., 120 Fed. Appx. 859, 862, No. 04-2463, 2005 WL 195092 (2d Cir. Jan. 28, 2005); see also Walker v. Jastremski, 430 F.3d 560 (2d Cir. 2005) (declining to equitably toll the limitations period for a prisoner's § 1983 claim because the case did not present "extraordinary circumstances"). Plaintiff's described difficulties do not constitute the "extraordinary circumstances" sufficient to justify equitable tolling. See, e.g., Cross v. McGinnis, No. 05 Civ. 504, 2006 WL 1788955, at *5-6 (S.D.N.Y. June 28, 2006) ("A petitioner's restricted access to library facilities does not merit equitable tolling"); Asencio v. Senkowski, 00 Civ. 6418, 2000 WL 1760908, at *1-2 (S.D.N.Y. Nov. 30, 2000) ("hardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted.").

A slightly closer question is plaintiff's objection - supported by the letter annexed to his objection as Exhibit B - that he inquired of the Clerk of the Court of how he could amend his

complaint on February 4, 2009, before the expiration of the statute of limitations.[1] That inquiry, however, does not extend the limitations period for two reasons.

First, it is well-settled that unfamiliarity with the law or legal procedure is not sufficiently extraordinary to toll the statute of limitations. Fennel v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1997) (excuse of "being uneducated and not familiar with legal research and legal procedures" did not warrant equitable tolling because it could be made by "virtually all inmates.").

Second - and perhaps more probative in this equitable balancing - any plaintiff seeking to toll the statute of limitations must show reasonable diligence in asserting his claims, in addition to exceptional or extraordinary circumstances. Plaintiff waited over a year and eight months after his complaint had been filed and after the close of discovery to first inquire about amending his complaint. He waited two years and eleven months after the incident complained of to first allege the excessive use of force and he waited over three months after his inquiry to the Clerk of the Court to file his motion to amend the complaint. Plaintiff did not exercise reasonable diligence.

Magistrate Judge Bloom's determination that plaintiff's excessive force claim does not "relate back" to his earlier complaint is also correct. The relation back test, of course, is not one of temporal proximity but rather of adequate notice to defendants. Rosenberg v. Martin, 478 F.2d 520 (2d Cir. 1975). Thus, it is of no moment that the arrest complained of in the original complaint occurred at the same time as the newly alleged excessive force. As the Second Circuit

---

[1] As noted above, ordinarily a district court will refuse to consider evidentiary material that could have been, but was not presented to the Magistrate Judge in the first instance. Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994). However, I will assume, for purposes of addressing these objections, that since he is appearing *pro se*, plaintiff was unaware of the statute of limitations until the Magistrate issued her Report and Recommendation. Thus, plaintiff would not have presented the letter sent to the Clerk of the Court, in the first instance, to Magistrate Judge Bloom.

has previously held in a similar context, when, even under the most liberal reading, "not a word in the complaint even suggested a claim of physical assault," the defendants cannot be said to have been on notice of a claim for excessive force. Id. The operational facts set forth in the original complaint assert an illegal arrest and prosecution for lack of probable cause. There is not the slightest intimation that the arrest was conducted with excessive force.

Plaintiff's objection that his interrogatory responses and deposition testimony put defendant's on adequate notice of the excessive force claim is unavailing. As the Magistrate Judge recognized, the inquiry under Rule 15 is whether adequate notice has been given to the opposing party in the original pleading. Slayton v. American Express Corp, 460 F.3d 215, 228 (2d Cir. 2006) (emphasis added).

Therefore, plaintiff's motion to amend the complaint to add an excessive force cause of action is denied as futile.

### III. Plaintiff's Proposed New Defendants

The Report and Recommendation correctly concludes that, as a matter of law, District Attorney Charles J. Hynes, the New York Police Department, Kings County District Attorney's Office and the City of New York cannot be sued in this action. Plaintiff's objections are reiterations of his original argument and have not sufficiently countered or cured any of the legal infirmities identified in the Report and Recommendation. Allowing plaintiff to add these defendants at this time would be futile. Therefore, plaintiff's motion to amend his complaint is denied.

## CONCLUSION

The Report and Recommendation is adopted and plaintiff's motion to amend his complaint is denied.

**SO ORDERED.**                                                        /Signed by Judge Brian M. Cogan/
                                                                                          U.S.D.J.

Dated: Brooklyn, New York
       August 14, 2009